UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHAN SAMUEL ROZO MORALES, | No. 2:26-cv-01253-DAD-SCR (HC) |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |
| WARDEN et al., | (Doc. No. 2) |
| Respondents. | |

This matter is before the court on petitioner's *pro se* motion for temporary restraining order. (Doc. No. 5.) For the reasons explained below, petitioner's motion will be denied.

**BACKGROUND**

Petitioner is a citizen of Columbia who entered the United States on or about May 15, 2023, encountered border patrol officials, was briefly detained, and then released from immigration custody into the United States on parole pursuant to 8 U.S.C. § 212(d)(5)(A)[1] on May 26, 2023. (Doc. Nos. 6-1 at 2; 9 at 14.) On September 25, 2025, petitioner entered a plea of guilty to the felony offense of grand theft of a dwelling in violation of Florida Statutes § 812.014(d), had adjudication withheld, was sentenced to a two-day term of confinement in the

---

[1] Section 212(d)(5) corresponds to humanitarian parole under 8 U.S.C. § 1182(d)(5), a distinct procedure from 8 U.S.C. § 1226(a). *See Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 n.2 (E.D. Cal. Dec. 9, 2025).

1

county jail with credit for time-served, placed on a two-year term of probation, and assessed fines, fees, and restitution. (Doc. Nos. 6-1 at 2; 6-2 at 7; 13-1 at 10–12.) On or about March 2, 2026, petitioner was taken back into immigration custody at the St. Lucie County, Florida probation office. (Doc. No. 6-1 at 2.)

On April 1, 2026, petitioner, proceeding *pro se*, filed a motion for temporary restraining order challenging his detention on statutory and constitutional grounds. (Doc. No. 2.) On April 3, 2026, respondents filed an opposition to the pending motion in which they argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he was convicted of the felony offense of grand theft of a dwelling. (Doc. No. 9.) In light of the arguments presented in respondents' opposition, the court directed petitioner to file a reply. (Doc. No. 8.) On April 8 and April 9, 2026, petitioner filed reply briefs. (Doc. Nos. 9, 10.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v.*

*City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

**A.    Likelihood of Success on the Merits**

1.    Statutory Claim

Petitioner contends that his detention is governed by § 1226(a), not § 1226(c) because he has no criminal convictions. (Doc. No. 2 at 4.) He further argues that respondents' "entire argument for mandatory detention rests on a 'criminal record' that does not contain a criminal conviction" because "[t]he underlying state court case was dismissed." (Doc. No. 10 at 1.)

Title 8 U.S.C. § 1226(c) of the Immigration and Nationality Act ("INA") provides that:

> The Attorney General shall take into custody any alien who . . . is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(ii). Here, these statutory conditions have been satisfied. As to the first condition, the Form I-213 indicates that petitioner has been charged as being present in this country without admission or parole in violation of § 212(a)(6)(A)(i), codified at § 1182(a)(6)(A). (Doc. No. 6-1 at 2). "Paragraph (6)(A) of section 1182(a) applies to '[noncitizens] present in the

3

United States without being admitted or paroled' or individuals who 'arrive[ ] in the United States without inspection.'" *Haryana-Sandhir v. Warden Golden State Annex*, No. 1:26-cv-00405-DJC-SCR, 2026 WL 221372, at *2 (E.D. Cal. Jan. 28, 2026) (finding the first statutory condition satisfied where the Form I-213 charged the petitioner with violating § 212(a)(6)(A)(i)).

As to the second statutory requirement, a grand theft conviction plainly falls within the ambit of § 1226(c). *Cardoso v. Noem*, No. 2:25-cv-00968-WJ-JMR, 2026 WL 194626, at *4–5 (D.N.M. Jan. 26, 2026) (concluding that petitioner who was initially released from immigration custody on parole and then arrested for grand theft in violation of Florida state law was subject to mandatory detention under § 1226(c)). Further, although the Florida court withheld adjudication following petitioner's guilty plea to the grand theft charge, the Eleventh Circuit has held that "a criminal case in which the adjudication of guilt is withheld and the defendant is placed on probation qualifies as a 'conviction' for immigration purposes." *Poomarat v. U.S. Att'y Gen.*, 745 F. App'x 119, 121 (11th Cir. 2018); *see also* 8 U.S.C. § 1101(48)(A) (defining "conviction" to include the withholding of adjudication where (1) "the alien has entered a plea of guilty or *nolo contendere*. . . ." and (2) "the judge has ordered some form of punishment, penalty, or restraint" on liberty); *cf. Lopez-Serrano v. U.S. Att'y Gen.*, No. 22-12305, 2024 WL 1796109, at *3 (11th Cir. Apr. 25, 2024) (concluding that the petitioner was convicted of felony battery where he pled *nolo contendere*, the state court withheld adjudication, but the petitioner became subject to a no-contact order, and was assessed fines, fees, and restitution.).

Petitioner is correct when he argues that the government is prohibited from subjecting someone to mandatory detention pursuant to § 1226(c) without a bond hearing where the underlying criminal charges that justify such detention have been dismissed. *Reyes v. Warden*, No. 1:26-cv-00441-DC-JDP (HC), 2026 WL 760264, at *3 (E.D. Cal. Mar. 18, 2026) (collecting cases). However, that principle is inapplicable here. Indeed, the only evidence that petitioner offers in support of his argument that all charges against him have been dismissed is a document signed by a Florida Assistant State Attorney indicating that an entry of *nolle prosequi* was entered

/////

/////

4

by petitioner as to charges of resisting without violence and affray.[2] (*Id.* at 13.) However, petitioner has failed to adequately address his grand theft conviction that respondents contend serves as the basis for his mandatory detention pursuant to § 1226(c). In contrast, respondents have offered evidence that petitioner was convicted of grand theft of a dwelling on September 25, 2025. (Doc. No. 6-2 at 7.) Thus, based on the evidence before it, the court concludes that petitioner is lawfully detained pursuant to § 1226(c) because of his grand theft conviction, even where adjudication of guilt was withheld as to that charge. *See Poomarat*, 745 F. App'x at 121. Accordingly, the court concludes that petitioner is unlikely to succeed on the merits of his statutory claim.

       2.     Due Process

Petitioner also contends that his detention violates due process because he has not been afforded a bond hearing pursuant to § 1226(a). (Doc. No. 2 at 4.) Petitioner argues further that: (1) the government has waited years after the resolution of his criminal case before re-detaining him; and (2) that § 1226(c) requires the government to detain individuals when released from custody and because he was never released from criminal custody, § 1226(c) was never triggered. (Doc. No. 10 at 3–4.)

First, individuals who are subject to mandatory detention pursuant to § 1226(c)(1)(E)(i) are not entitled to bond hearings. *Reyes*, 2026 WL 760264, at *3 (citation omitted). Further, petitioner's contention that the government waited years before re-detaining him appears to be misplaced here since petitioner was convicted of grand theft in September 2025. Again, the basis upon which respondents argue that petitioner's detention is mandatory is his grand theft conviction. Petitioner has failed to respond to respondents' arguments that he is mandatorily detained pursuant to § 1226(c) because of that conviction. Therefore, the court concludes that petitioner is also unlikely to succeed on the merits of his constitutional claim. *Cobis-Gamboa v.*

---

[2] Petitioner provides a case number for the action in which his plea of *nolle prosequi* was entered. (Doc. No. 9 at 2.) The court observes that this case number does not match the case number associated with the action in which the grand theft charges were brought against petitioner. (Doc. Nos. 6-1 at 2; 6-2 at 7.) Thus, it appears that the grand theft case is entirely separate from the case in which petitioner entered a *nolle prosequi* plea.

*Warden*, No. 2:26-cv-00658-DC-CKD (HC), 2026 WL 819162, at *2 (E.D. Cal. Mar. 25, 2026) (concluding that the petitioner was unlikely to succeed on the merits of his constitutional claim where the petitioner failed to address respondents' arguments that he was mandatorily detained pursuant to § 1226(c) and respondents offered evidence of the state criminal proceedings in support of their opposition).

Because petitioner has not carried his burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney*, 869 F.3d at 856).

For the reasons explained above,

1.    Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED; and

2.    The petition for writ of *habeas corpus* (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    **April 27, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE