UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHAN SAMUEL ROZO MORALES
(A246-674-641),

              Petitioner,

     v.

WARDEN, et al.,

              Respondents.

No.  2:26-cv-01253-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging his re-detention by U.S. immigration authorities.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner is a citizen of Columbia who entered the United States on or about May 15, 2023, encountered border patrol officials, was briefly detained, and then released from immigration custody into the United States on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A) on May 26, 2023.  ECF Nos. 6-1 at 2; 9 at 14.  He was subsequently convicted of the felony offense of grand theft of a dwelling in violation of Florida Statutes § 812.014(d), had adjudication withheld, was sentenced to two days in jail, and placed on probation for two years.  ECF Nos. 6-1 at 2; 6-2 at 7; 13-1 at 10–12.  On March 2, 2026 at a probation appointment,

Immigration and Customs Enforcement officers arrested Petitioner.  ECF No2 1 at 2, 6-1 at 2.

He filed the pending § 2241 petition along with a motion for a temporary restraining order ("TRO") on April 1, 2026, challenging his immigration detention on statutory and constitutional grounds.  ECF Nos. 1-2.  Following briefing, District Judge Drozd to this case denied the TRO motion on April 28, 2026 finding that Petitioner was not likely to succeed on the merits of his claims because he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  ECF No. 14 at 3-6.  Specifically, Judge Drozd determined that Petitioner's deferred adjudication for grand theft qualifies as a conviction for immigration purposes and "plainly falls within the ambit of § 1226(c)."  ECF No. 14 at 4 (citations omitted).

Following denial of the TRO, the undersigned set a briefing schedule on the pending § 2241 petition.  ECF No. 15.  Respondents submitted a notice indicating that they stood on their prior briefing.  ECF No. 16.  Petitioner submitted a reply challenging Respondents' failure to submit further briefing on the merits of the § 2241 application as "a concession that they cannot justify Petitioner's detention."  ECF No. 17 at 3.  Petitioner requests a default judgment be entered on this basis.  Petitioner reiterates his position that Florida Case No. 2025MM008079AMB did not result in an actual conviction because it was "nolle prossed" on March 6, 2026.  ECF No. 17 at 3.  Petitioner does not specifically address his 2025 felony of Grand Theft from a Dwelling in Case No. 2025CF004416.  Compare ECF No. 13-1 at 7-20 (state court records) with ECF No. 6-2 at 8-9 (showing nolle prosequi disposition on separate misdemeanor charges of Obstruction and Committing Affray).  Petitioner requests a bond hearing pursuant to 8 U.S.C. § 1226(a).  ECF No. 17 at 4.

**II.  Statutory Detention Framework**

In January 2025, Congress enacted the Laken Riley Act, which expanded the categories of noncitizens who are subject to mandatory detention to include anyone who is inadmissible pursuant to certain provisions of 8 U.S.C. § 1182(a) and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]"  See Pub.

2

L. No. 119–1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)(1)(E)).

**III.    Analysis**

The undersigned finds that Petitioner is not entitled to relief on either his statutory INA claim or due process claim and recommends the petition be denied.  Petitioner's INA claim premised on respondents' alleged denial of the procedural safeguards in 8 U.S.C. § 1226(a) is without merit because he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).  Petitioner satisfies both statutory conditions for the application of 8 U.S.C. § 1226(c)(1)(E) on account of his administrative charge under 8 U.S.C. § 1182(a)(6)(A)(i) and his 2025 arrest and deferred adjudication for Grand Theft.  See § 1226(c)(1)(E)(i)-(ii).  His reply brief fails to acknowledge the criminal which the District Judge relied upon to deny a TRO.  See ECF No. 17.  In addition to the District Judge's conclusion that the Grand Theft case constituted a conviction for immigration purposes even though adjudication was deferred, the undersigned also finds that Petitioner entered a guilty plea to Grand Theft from a Dwelling on September 25, 2025 in the Palm Beach County Circuit Court.  ECF No. 13-1 at 7.  This guilty plea constitutes an admission of "having committed, or admits committing acts which constitute the essential elements of any burglary, theft, [or] larceny[.]"  8 U.S.C. § 1226(c)(1)(E).  Therefore, Petitioner's detention pursuant to this statute is valid and he is not entitled to relief on his statutory INA claim.

Petitioner's due process claim alleges arbitrary re-detention after his previous release on recognizance.  But as Petitioner's detention is governed by 8 U.S.C. § 1226(c), he has not advanced an argument explaining why Respondents were required to provide him with a pre-deprivation hearing.  See Demore v. Kim, 538 U.S. 510, 531 (upholding the constitutionality of § 1226(c) detention "for the limited period of . . . removal proceedings").

Additionally, the undersigned points out that Petitioner is not challenging his immigration detention on the basis that it is either prolonged or indefinite.  See Zadvydas v. Davis, 533 U.S. 678 (2001).  Since he has been detained for over three months, such an argument would not entitle him to any relief at this time.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be DENIED.

3

2.  The Clerk of the Court enter judgment in favor of Respondents and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2023

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE